UNITED STATES of America, Appellee,

v.

Alberto DeJesus GIL, Defendant–Appellant.

No. 13–207–CR.

United States Court of Appeals, Second Circuit.

Feb. 14, 2014.

would deny the petition for review.

Julia Pamela Heit, New York, NY, for Appellant.

Rajit S. Dosanhj, Assistant United States Attorney, (Daniel C. Gardner, Assistant United States Attorney, on the brief), for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: PIERRE N. LEVAL, GUIDO CALABRESI and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Alberto DeJesus Gil[1] appeals from the district court's sentence of 33 months' imprisonment following his plea of guilty to a count of aggravated illegal re-entry by a felon in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, DeJesus Gil argues that his sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the substantive reasonableness of a district court's sentence under a "deferential abuse-of-discretion standard." U.S. v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), quoting Gall v. U.S., 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). A district court's sentence is sub-

stantively unreasonable only if it "cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (internal quotation marks omitted).

DeJesus Gil does not challenge the procedural fairness of his sentencing, and concedes that his sentence falls within the recommendation of the Sentencing Guidelines. Rather, he argues that his sentence is substantively unreasonable because of a variety of factors including his ill health and the inadequacy of medical treatment and care available in prison. However, DeJesus Gil concedes that the district court acknowledged and considered his ill health, and concluded that his medical needs could be met in prison. The court also noted, however, that it would take into account DeJesus Gil's criminal record. That criminal record includes convictions for crimes involving theft, narcotics, and aggravated assault, punctuated by two deportations. Under the circumstances, and in light of the deference owed to the district court's decisions, we cannot conclude that the sentence imposed was unreasonable.

Accordingly, the judgment of the district court is **AFFIRMED.**

---

1. The government's brief spells appellant's name "DeJesus–Gil." We adopt the spelling in the appellant's own brief, without the hy-phen, which is also the spelling in the indictment.